UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH MAS SIMS, JR., | ) | Case No.: 4:19 CV 2342 |
|     Plaintiff | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| WARDEN DAVID W. GRAY, | ) | |
|     Defendant | ) | ORDER |

Currently pending before the court in the above-captioned case is Petitioner Keith Mas Sims, Jr.'s ("Petitioner" or "Sims") Petition for Writ of Habeas Corpus (ECF No. 1) and Amended Petition for Writ of Habeas Corpus ("Petition") (ECF No. 4), pursuant to 28 U.S.C. § 2254. Under Local Rule 72.2, the court referred the matter to Magistrate Judge Jonathan D. Greenberg ("Magistrate Judge" or "Judge Greenberg") for a Report and Recommendation ("R & R") (ECF No. 11). For the following reasons, the court adopts Judge Greenberg's R & R that the Petition be denied in its entirety.

Sims filed his Petition (ECF No. 1) on October 8, 2019, and his Amended Petition (ECF No. 4) one day later on October 9, 2019, challenging his conviction and sentence in state court for: (1) murder under O.R.C. § 2903.02(A)(3) and § 2903.02(B)(D); (2) felonious assault in violation of

O.R.C. § 2903.11(A)(2)(D); and (3) firearm specifications on all counts pursuant to O.R.C. § 2941.145(A). (R & R at PageID #1069–70, ECF No. 11.) As a result of his conviction, the trial court sentenced Sims to a minimum of fifteen years of incarceration for murder and an additional three years for the accompanying firearms, ordering that the sentences run consecutively for a minimum total of eighteen years of incarceration. (*Id.* at PageID #1069.) The Petition asserts the following four grounds for relief and supporting facts:

> GROUND ONE: The Ohio courts ruled contrary to, or unreasonably applied, clearly-established Supreme Court precedent by failing to find that Sims' federal right to speedy trial had been violated.
>
> Supporting facts: Sims was held for 508 days from his arrest on November 6, 2014 to his trial on March 28, 2016. He was unable to post bond and remained incarcerated for that period. At no time did he personally execute a waiver of his right to a speedy trail [sic]. He was represented by an attorney who failed to respond to a state demand for discovery. When his counsel requested a continuance, the trial court reset the trial date for four months out (from August 24, 2015 to December 14, 2015) and then sua sponte from March 28, 2016, another 102 days later. For months, Sims was filing pro se motions to dismiss for speedy trial violations.
>
> GROUND TWO: The Ohio courts entered decisions that were unreasonable in light of the trial record by failing to find that Sims' federal rights to speedy trial were violated.
>
> Supporting facts: Same supporting facts as noted under Ground One.
>
> GROUND THREE: The Ohio courts ruled contrary to, or unreasonable[ly] applied, clearly-established Supreme Court precedent by failing to find that the evidence was insufficient to support the verdicts/convictions.
>
> Supporting facts: Same supporting facts as noted under Ground One.
>
> GROUND FOUR: The Ohio courts entered decisions that were unreasonable in light of the trial record by failing to find that the state's evidence was insufficient to support the verdicts and convictions.

Supporting facts: Same supporting facts as noted under Ground One.

(*Id.* at PageID #1074–75.) Respondent Warden David W. Gray ("Respondent") filed a Return of Writ (ECF No. 9) on December 24, 2019. In turn, Sims submitted his Traverse (ECF No. 10) on January 22, 2020. Judge Greenberg submitted his R & R (ECF No. 11) on August 2, 2021, recommending that the court deny and dismiss the Petition in its entirety. The R & R recommends that the court dismiss Sims's grounds one and two as procedurally defaulted, finding that Sims failed to "fairly present" his federal speedy trial argument because his argument to the appellate court focused solely on state law, relying exclusively on O.R.C. § 2945.71 as it referenced the United States Constitution in the heading and first sentence. (R & R at PageID #1081–83, ECF No. 11); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) (holding that a petitioner did not "fairly present" his claim when he focused entirely on the applicability of Ohio's rape shield law in his brief); *Owens v. Perry*, No. 1:17-cv-00105, 2019 WL 6250763, at *8 (M.D. Tenn. Nov. 22, 2019) ("In order to have properly exhausted a federal habeas claim, the substance of the claim must have been presented to the state courts as a federal constitutional claim."). Further, the R & R finds that there is no reason to excuse the default because Sims has not presented cause for his default and actual prejudice as a result of the alleged error. (*Id.* at PageID #1084.)

With respect to grounds three and four, the R & R notes that the record reflects that Sims raised a manifest weight of the evidence claim on direct appeal to both the state appellate court and the Supreme Court of Ohio. (*Id.*) Upon review of the trial transcript, the R & R determines that the state appellate court reasonably determined that Sims's conviction was supported by sufficient evidence. (*Id.* at PageID #1096.) The R & R opines that despite Sims's assertion that there was insufficient evidence to support his conviction, based on one of the witness's testimony was

inconsistent with that of the other three eyewitnesses, it is inappropriate for the court to weigh evidence or determine credibility. (*Id.* at PageID #1097); *see also Jackson v. Virginia*, 443 U.S. 307, 317 (1979) (stating that the standard for determining whether a conviction is supported by sufficient evidence is "whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" and further noting that a district court may not substitute its own determination of guilt or innocence for that of the fact finder or weigh the credibility of witnesses). Accordingly, the R & R concludes that "[t]here is no basis for this Court to conclude that the state court decision in this case involved an unreasonable determination of the facts or was contrary to, or involved an unreasonable application of, clearly established federal law." (*Id.*)

On August 11, 2021, Sims filed an Objection (ECF No. 12) to Judge Greenberg's R & R. However, the Objection neither raises any new arguments, nor identifies any error in the R & R's factual findings or legal conclusions. Instead, Sims reiterates the arguments he previously raised in his Brief in Support of his Petition (ECF No. 8) and Traverse (ECF No. 10). Such expression of disagreement with the Magistrate Judge does not constitute an "objection." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

After careful *de novo* review of the R & R, Sims' Objection, and all other relevant documents in the record, the court finds that Judge Greenberg's recommendations are fully supported by the record and controlling case law. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). Accordingly, the court adopts the R & R in its entirety and hereby denies and dismisses the Petition. The court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.

Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

    IT IS SO ORDERED.

                                          */s/ SOLOMON OLIVER, JR.*
                                          UNITED STATES DISTRICT JUDGE

December 13, 2022